OPINION
Appellant Levander V. McClellan appeals a judgment of the Canton Municipal Court convicting him of Disorderly Conduct by Intoxication (R.C. 2917.11(B)) and Resisting Arrest (R.C.2921.33):
ASSIGNMENTS OF ERROR:
 I. APPELLANT'S CONVICTION SHOULD BE OVERTURNED BECAUSE APPELLANT CANNOT BE CONVICTED OF DISORDERLY CONDUCT BY INTOXICATION BECAUSE OF ANY INCONVENIENCE OR ALARM HE MAY HAVE CAUSED THE COMPLAINANT, A POLICE OFFICER, DUE TO THE POLICE OFFICER'S SUCH CONDUCT IS SIMPLY A PART OF THE POLICE OFFICER'S JOB, AND NOT A CRIMINAL OFFENSE ON THE PART OF APPELLANT.
 II. APPELLANT'S CONVICTION SHOULD BE OVERTURNED BECAUSE APPELLANT CANNOT BE CONVICTED OF DISORDERLY CONDUCT BY INTOXICATION BECAUSE THE FACTS AS PRESENTED AT TRIAL DO NOT SUPPORT SUCH A CONVICTION, TO-WIT: THE STATE OF OHIO FAILED TO PROVE THAT THE POLICE OFFICERS ASSESSED THE CONDITION OF THE APPELLANT AND DETERMINED, WHETHER, EVEN IF INTOXICATED, HIS CONDITION PROVED A THREAT TO HIMSELF OR OTHERS.
 III. APPELLANT'S CONVICTION SHOULD BE OVERTURNED BECAUSE THE ARRESTING OFFICERS DID NOT HAVE "REASONABLE CAUSE" TO ARREST APPELLANT FOR DISORDERLY CONDUCT BY REASON OF INTOXICATION, WHEREBY APPELLANT COULD NOT THEN BE CONVICTED OF "RESISTING A LAWFUL ARREST".
 IV. APPELLANT SHOULD BE GRANTED A NEW TRIAL BECAUSE APPELLANT'S TRIAL COUNSEL FAILED TO RENDER ADEQUATE LEGAL ASSISTANCE IN VIOLATION OF THE APPELLANT'S RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL FAILED TO MOVE TO DISMISS THE DISORDERLY CONDUCT BY INTOXICATION CHARGE, AND RESISTING ARREST LODGED AGAINST APPELLANT, BASED ON THE LACK OF "REASONABLE CAUSE". FURTHER APPELLANT'S TRIAL COUNSEL FAILED TO OBJECT TO THE ADMISSION OF LARGE AMOUNTS OF IRRELEVANT AND PREJUDICIAL TESTIMONY REGARDING AN EARLIER ALTERCATION APPELLANT HAD WITH TESTIFYING OFFICERS SEVERAL HOURS PRIOR TO HIS ARREST. FINALLY, APPELLANT'S COUNSEL WAS INEFFECTIVE IN THAT HE FAILED TO MOVE FOR AN ACQUITTAL AT THE CLOSE OF THE STATE'S CASE, AND HIS OWN CASE, PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
At approximately 4:00 A.M. on May 3, 1997, Canton police officers responded to a report concerning loud noise near 1505 Fourth Street, N.E. When officers pulled in front of the residence, an officer rolled down the window and asked appellant what was going on. Appellant responded, "You didn't get no fucking call here." When the officer attempted to step out of the cruiser, appellant blocked the door by standing in front of it. Appellant eventually moved after the officers asked him to step back. When the officers got out of the car, appellant stood approximately two feet away, and continued swearing and yelling. Appellant repeatedly yelled that he could do anything he wanted to in front of his house. The officers warned him five or six times to stop yelling, to go in the house, and to calm down. Appellant responded by becoming more belligerent, continuing to yell in the officers' faces that he could do anything he wanted to do in front of his own house. Appellant was visibly intoxicated at the time of the incident. When appellant refused to go back in his house and quiet down, despite repeated warnings from the police, he was placed under arrest for disorderly conduct.
After appellant was placed under arrest for disorderly conduct, he refused to pull his arms from in front of him and bring them behind his back. The officers had to push him against the rear of the cruiser and force his arms behind his back in order to handcuff him. Once appellant was handcuffed, he refused to get inside the cruiser after being advised repeatedly to do so. Officers attempted to get him in the car by using knee strikes to his thigh area. This was unsuccessful. Finally, one of the officers went to the passenger side of the vehicle to pull appellant through the car, as the other officers were pushing him from the rear. After he was in the car, he continued yelling and using profanity.
The case proceeded to jury trial in the Canton Municipal Court. Appellant was convicted on both charges. He was sentenced to ninety days incarceration for Resisting Arrest, and thirty days incarceration for Disorderly Conduct by Intoxication, to be served consecutively.
 I.
Appellant argues that the judgment convicting him of Disorderly Conduct by Intoxication is not supported by the evidence, as police officers are required to absorb such conduct in the ordinary course of their duties.
R.C. 2917.11(B)(1) provides:
 (B) No person, while voluntarily intoxicated, shall do either of the following:
 (1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others.
We reject appellant's argument that a person cannot commit this crime against a police officer, as an officer is required to absorb inconvenience, annoyance, or alarm as part of his or her duties. The statute provides that a violation occurs when the conduct is likely to offensive or cause inconvenience, annoyance, or alarm to a person of ordinary sensibilities. A defendant can be convicted of Disorderly Conduct by Intoxication where the person is loud, antagonistic, uses profanity, and is offensive toward police officers. State vs. Butler (1989), 63 Ohio App.3d 157,161.
The evidence in the instant case was sufficient to support the conviction. There was evidence that appellant was loud, belligerent, used profanity, and refused to stop behaving in this manner and quietly go back into his house despite repeated requests by the police officers that he do so.
The first Assignment of Error is overruled.
 II.
Appellant argues that there is no evidence that the police officers made a determination as to whether appellant's condition posed a threat of harm to himself or others before arresting him.
This determination is not required by the statute. In Knappvs. Gurish (1989), 44 Ohio App.3d 57, the appellant filed a civil action, as executor of the decedent's estate, against the City of Euclid. The complaint alleged that the death was proximately caused by the City of Euclid's police officers negligently failing to detain the decedent when it was apparent to them that he was intoxicated. The Court of Appeals found that the duty to arrest a person for Disorderly Conduct While Intoxicated is discretionary.Id. at 58. R.C. 2917.11(B)(2) requires that a police officer assess the condition of the intoxicated person and determine whether his condition poses a risk of harm to himself or others.Id.
The instant case did not require an assessment of whether appellant's conduct presented a risk of physical harm to himself or to others, as he was not charged with violating R.C.2917.11(B)(2). Rather, the officers only needed to determine whether appellant's conduct, which was clearly in the presence of two or more persons, was likely to be offensive, or to cause inconvenience, annoyance, or alarm to a person of ordinary sensibilities.
The second Assignment of Error is overruled.
 III.
Appellant argues that his conviction for Resisting Arrest must be overturned, as he was not lawfully arrested for Disorderly Conduct by Intoxication. As stated in Assignment of Error I. above, there was sufficient evidence to support the conviction for Disorderly Conduct by Intoxication. Therefore, appellant's conduct clearly gave the officers reasonable cause to arrest him for the offense of Disorderly Conduct, and the arrest was a lawful arrest pursuant to R.C. 2921.33.
The third Assignment of Error is overruled.
 IV.
Appellant argues that his counsel was ineffective for failing to move to dismiss the charges, and for failing to object to the admission of irrelevant and prejudicial testimony regarding an earlier altercation.
Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland vs.Washington (1984), 466 U.S. 668; State vs.Bradley (1989), 42 Ohio St.3d 136, cert. denied,497 U.S. 1011. To demonstrate prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome of the proceeding would have been different. Id.
As discussed in Assignments of Error I., II., and III. above, there was sufficient evidence to support the convictions. Therefore, appellant has not demonstrated that counsel was ineffective for failing to move to dismiss the charges for insufficient evidence.
Appellant also argues that counsel is ineffective for failing to object to evidence of an earlier incident involving the same officers. Officer Richard Kinlow testified that earlier in the evening of May 3, 1997, he was on patrol near Libby's Restaurant on Cleveland Avenue. He saw appellant confronting a man in front of the restaurant. Officer Kinlow stepped between the men, and asked appellant to calm down. Appellant refused to calm down, and continued yelling, screaming, and swearing at the other man. Appellant appeared intoxicated at this time. The officer then asked if anyone was with appellant. When a person stepped forward, the officer asked him to get appellant out of the area. Appellant got into the backseat of the other person's car, and continued to yell obscenities as he drove away.
Appellant has not demonstrated that but for the admission of this evidence, he would have been acquitted. There was substantial evidence concerning appellant's conduct toward the officers in front of his residence at 1505 Fourth Street. Three officers who responded to the call testified that appellant was loud, offensive, and confrontational, and continued to yell and swear despite repeated requests that he calm down and go into his house.
The fourth Assignment of Error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00213
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs to appellant.